FILED
OCT 03 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

CA 05 412 T

v.

ANDRE TUCKER

# PETITION FOR WRIT OF HABEAS CORPUS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C § 2255

FOR DEFENDANT ANDRE TUCKER

ANDRE TUCKER # 04816-070
F.C.I RAY BROOK, PO BOX 9006
RAY BROOK, NEW YORK 12977

APPLICATION DATA

Name of the petitioner ; ADRE TUCKER # 04816-070
Place of Confinement ; F.C.I RAY BROOK

1. Name and location of the Court in which entered the judgement of conviction under attack ; UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND

2. Date of First Judgement of conviction ; **9/15/2000**

   Date of Second/ Amended Judgement of conviction ; **12/2/2002**

3. Length of sentence ; **290 months**

4. Nature of offense (all counts) ;

**Counts #1 to#8** Distribution of Cocaine ( **21 U.S.C § 841(a)(1)** )
**Count # 9** , Possession of Firearm by a convicted felon / (18 u.S.C § 922(g)(1) )

5. The defendant plead guilty to all counts.

6. The defendant did appeal from the Judgement of conviction.

7. The name of the court was ; THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

   The first Appeal was **GRANTED on 4/1/ 2002**

   The second Appeal was **DENIED on 10 /4/ 2004**

8. The Petition for Certiorari was **DENIED on OCTOBER 4. 2004.**

9. The defendant filed no other petition, application or motions with respect to this judgement , in any other Federal Court.

10. The names and addresses of each attorney who represented the defendant at various stages of the Judgement attacked herein are listed below ;

**PRE-Trial proceedings, First Sentencing and Second Sentencing;**

MICHAEL J. LEPIZZERA , Jr.
1140 RESERVOIR AVE. #1B
CRANSTON, RHODE ISLAND 02920

**First Appeal ;**

TIMOTHY A. CIAFFONI
P.O BOX 483
WAREHAM, MA 02571 - 0483

**Second Appeal ;**

DAVID A.F LEWIS , esq.
ONE BROADWAY, SUITE 600
CAMIBRIDGE, MA 02142

11. The defendant was not sentenced to multiple indictments in the same Court at approximately the same time.

12. The defendant has no future sentence to serve after he completes the sentence imposed by the Judgement under attack.

## BACK GROUND /FACTS OF CASE

### Statement of the Case and of Facts Relevant to the Appeal.

**1. The defendant's first sentencing hearing.**

On May 9, 2000, the defendant accepted responsibility for his conduct and pleaded guilty in the district court pursuant to a written plea agreement with the government. The defendant pleaded guilty to charges of:

Count 1: conspiracy to distribute cocaine and cocaine base, 21 U.S.C. §846.

Counts 2-7: distribution of cocaine and cocaine base, aiding and abetting, 21 U.S.C. §841(a)(1), 18 U.S.C. §2.

Count 8: possession with intent to distribute cocaine base and aiding and abetting, 21 U.S.C. §841, 18 U.S.C. §2.

Count 9: possessing a firearm after having been convicted of a felony, 18 U.S.C. §922(g)(1)("922(g)").

Count 10: possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §924(c)("§924(c)"). SR, p.1.

The district court sentenced the defendant on September 15, 2000. The district court

determined at the hearing that:

> the defendant's Base Offense Level was 32;
>
> a four-level leader/organizer enhancement was warranted; and
>
> a three-level reduction for acceptance of responsibility was required.

The district court concluded that the defendant's Total Offense Level was 33 and that his criminal history category was five; the defendant's applicable guideline range was therefore 210 to 266 months. Neither party objected to the court's calculations.

The district court considered several factors prior to setting the defendant's sentence. The court credited the defendant with entering his plea early in the case on the government's information, that the government was suggesting a sentence on the lower end of the guideline range and that the defendant faced a five-year consecutive sentence on the §924(c) charge. Sentencing, p.77.

The district court also considered two factors weighing against the defendant. The court identified the defendant's drug-related criminal history while acknowledging that it had already been taken into account with the guidelines calculations. Sentencing, p.77. The court also remarked that it did not believe that the defendant's testimony earlier that day regarding the leader/organizer enhancement had been truthful. Id. The court, however, declined to punish the defendant for that testimony and sentenced the

defendant in the middle of the guideline range. Sentencing, p.78.

The district court sentenced the defendant to:

> 230 months imprisonment on counts 1-8, to be served concurrently with each other;
>
> 120 months imprisonment on count 9, to be served concurrently with the sentences on counts 1-8; and
>
> 60 months imprisonment on count 10, to run consecutive to all other sentences.

The trial court also sentenced the defendant to:

> five years of supervised release on counts 1, 6, 7, 8, and 10 to run concurrently with each other and all other sentences; and
>
> three years of supervised release on counts 2-5 and 9, all to be served concurrently with each other and all other counts.

**2. The defendant's first appeal.**

The appeals court docketed the defendant's appeal from his original sentencing on October 5, 2000. On September 19, 2001, the appeals court issued an order in the defendant's case in response to a brief filed by the defendant's appellate attorney under *Anders v. California*, 386 U.S. 738 (1967) as well as a supplemental brief filed by the defendant. The appeals court denied the attorney's motion to withdraw and ordered the attorney to submit a brief on two issues identified by the court.

After the defendant filed a revised brief, the government conceded that their factual



6,

representations to the district court regarding the connection between the drugs seized and the gun discovered had been false. The government acknowledged that the crack cocaine was seized from the basement and "was not located near the gun in the bedroom."

The government had charged the defendant under 924(c) with possession, but not use, of a firearm "in furtherance of a drug trafficking crime." . The government presented no evidence that the defendant ever distributed drugs from his own apartment or carried or possessed the gun while distributing drugs at any other location described in the information.

The government conceded that the facts were deficient to sustain the conviction and sentence and "should be vacated for that reason." . On April 1, 2002 the appeals court issued a final decision affirming in part and remanding in part the defendant's sentence. . The appeals court vacated the defendant's conviction on the 924(c) charge—count 10—due to insufficient evidence.

The appeals court also vacated the five year supervised release terms of counts 6 and 7. The government conceded that the terms of supervised release on those counts were imposed in error and should be vacated.

The appeals court also reviewed the issues raised by the defendant in his pro se submission

and found those claims to be meritless. Id. The district court's judgment was in all other respects affirmed. Id. The appeals court's mandate stated that: "[t]his case is affirmed in part and remanded for further proceedings."

**3. The defendant's second sentencing hearing.**

The district court, Torres, C.J., resentenced the defendant on December 2, 2002. The district court determined at the hearing that:

> the defendant's Base Offense Level was 32;
>
> a four-level leader/organizer enhancement and a two-level enhancement for possession of a firearm under U.S.S.G. §2D1.1(b)(1) were warranted; and
>
> that a three-level reduction for acceptance of responsibility was required. Resentencing, pp.7-8.

The district court concluded that the defendant's Total Offense Level was now 35 and that his criminal history category remained five; the defendant's revised applicable guideline range was therefore 262 to 327 months. Resentencing, pp.7-8, 13. Neither party objected to these calculations.

The district court restated its reasoning for its earlier sentence and noted three relevant changes in the circumstances: the government's recommendation was now to sentence the defendant in the middle of the guideline range as opposed to the lower end of the range, the absence of the consecutive 924(c) sentence, and the defendant's progress in "trying to help things turn around" while incarcerated.

The district court again sentenced the defendant in the middle of the guideline range while acknowledging that the range was higher than it was at the time of the first sentence because "the firearm has increased the guideline offense level." Resentencing, pp.16-18;

The district court then sentenced the defendant to:

> 290 months imprisonment on counts 1 and 8, to be served concurrently with each other;
>
> 240 months imprisonment on counts 2-7, to be served concurrently with each other and with counts 1 and 8; and
>
> 120 months imprisonment on count 9, to be served concurrent with the sentences on counts 1-8.

The trial court also sentenced the defendant to:

> five years supervised release on counts 1 and 8, to be served concurrently with each other;
>
> three years supervised release on counts 2-7, to run concurrently with each other and with counts 1 and 8; and
>
> three years supervised release on count 9, to run concurrently with all other counts.

**On December 12,2002 the petitioner filed a Notice of Appeal. On July 9, 2004 the Second Appeal was denied. On October 4, 2004 the Petition for Certiorari was denied. The petitioner now timely files this 28 U.S.C. § 2255 Petition.**

**TABLE OF CONTENTS**


| | |
|---|---|
| APPLICATION DATA | page 1 to 3 |
| BACKGROUND / FACTS OF CASE | page 4 to 9 |
| TABLE OF CONTENTS | page 10 |
| PRELIMINARY STATEMENT | page 11 |
| STATEMENT OF INEFFECTIVE ASSISTANCE OF COUNSEL | page 12 |
| ISSUES PRESENTED FOR REVIEW | page 13 to 14 |
| SUMMARY BRIEF OF ISSUES PRESENTED | page 15 to 25 |
| CONCLUSION | page 26 |
| CERTIFICATE OF SERVICE | page 27 |
| EXHIBIT A. | |

# PRELIMINARY STATEMENT

1. All **seven** issues set forth in this Summary brief in support of this 28 U.S.C § 2255, have **not** been addressed or submitted previously to the court of Appeals.

2. The previous issues sent the Court of appeals only pertained to; The **erroneous** application of § 924(c) **(first Appeal)** **and** The District Court's abuse of discretion pertaining to their imposition of the enhancement **§ 2D1.1 (second Appeal).**

Wherefore the above , are not included in this Petition.

3. The previous issue submitted on the Second Appeal related to the District Court's Abuse of Discretion pertaining to their **imposition** of the enhancement **§ 2D1.1,** the present claims in this § 2255 pertaining to the application of **§ 2D1.1 are DISTINGUISHABLE as challenging the application on 5th. & 6th. Amendment Due Process grounds.** **( issues # 3, 5, 6, & 7)**

STATEMENT OF INEFFECTIVE ASSISTANCE
OF COUNSEL.
STATEMENT OF CAUSE AND PREJUDICE
REQUIREMENTS.

---

1. **THE REASON WHY NONE OF THE GROUNDS ENCLOSED IN THIS 28 U.S.C § 2255 PETITION were never previously presented to the District Court or Appeals Court at the appropriate stages , is because of counsel's ineffectiveness and defiance to raise such issues as requested.**

2. The Defendant was denied his Constitutional right of Due Process and relief , as result of the ineffectiveness and defiance of both his Sentencing and Appellate Counsel whom failed and declined to raise the enclosed issues at either;
Pre-Trial stages, Sentencing and on Direct Appeal .

3. The defendant have all rights to obtain relief and review by way of this 28 U.S.C § 2255 motion , to insure his Constitutional right of Due Process and Constitutional relief. **All seven issues** enclosed in this 28 U.S.C § 2255 motion can be reviewed and addressed by this Court because none of the issues were previously submitted to the Appeals Court. see MASSARO vs. UNITED STATES **538 US 500 (2003)**

## ISSUES PRESENTED FOR REVIEW

### ISSUE #1.

COUNSEL'S INEFFECTIVENESS OF FAILING TO SUBMIT OR PRESERVE A "BLAKELY" CLAIM ON DIRECT APPEAL DENIED THE DEFENDANT THE OPPORTUNITY TO HAVE HIS CASE REMANDED TO APPLY THE UNITED STATES SENTENCING GUIDELINES AS **ADVISORY.**

### ISSUE #2.

THE PETITIONER SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AS RESULT OF THE COUNSEL'S FAILURE AND DEFIANCE TO RAISE THE BELOW CONSTITUTIONAL CLAIM ON DIRECT APPEAL OR AT ANY OTHER APPROPRIATE STAGE OF PROCEEDINGS;

THE DISTRICT COURT'S ACTIONS OF IMPOSING A FOUR LEVEL LEADER/ORGANIZER **ENHANCEMENT** PURSUANT TO USSG. §3B1.1(a) BY WAY OF A JUDGE FACT FINDING, WHEN IN FACT THE DEFENDANT WAS NOT CHARGED, INDICTED NOR PLEAD GUILTY TO SUCH OFFENSE/FACTOR , **IS IN VIOLATION OF HIS 5TH. & 6TH AMENDMENT RIGHTS.**

### ISSUE #3.

THE PETITIONER SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AS RESULT OF THE COUNSEL"S FAILURE AND DEFIANCE TO RAISE THE BELOW CONSTITUTIONAL CLAIM ON DIRECT APPEAL OR AT ANY OTHER APPROPRIATE STAGE OF PROCEEDINGS;

THE DISTRICT COURT'S ACTIONS OF IMPOSING A **TWO LEVEL ENHANCEMENT** PURSUANT TO USSG. § 2D1.1 (b)(1) BY WAY OF A JUDGE FACT FINDING, WHEN IN FACT THE DEFENDANT WAS NOT CHARGE, INDICTED NOR PLEAD GUILTY TO SUCH OFFENSE/FACTOR, **IS IN VIOLATION OF HIS 5TH. & 6TH. AMENDMENT RIGHTS.**

### ISSUE #4

**THE** PETITIONER SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AS RESULT OF THE COUNSEL'S FAILURE AND DEFIANCE TO RAISE THE BELOW CONSTITUTIONAL CLAIM ON DIRECT APPEAL OR AT ANY OTHER APPROPRIATE STAGE OF PROCEEDINGS;

THE DISTRICT COURT'S ACTIONS OF RELYING ON SPECULATIVE HEARSAY TO IMPOSE A **FOUR LEVEL ENHANCEMENT** UNDER USSG. § 3B1.1(a), **IS IN VIOLATION OF THE DEFENDANT's 5Th, & 6TH. AMENDMENT RIGHTS.**

**ISSUE #5.**

THE PETITIONER SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AS RESULT OF THE COUNSEL'S FAILURE AND DEFIANCE TO RAISE THE BELOW CONSTITUTIONAL CLAIM ON DIRECT APPEAL OR AT ANY OTHER APPROPRIATE STAGE OR PROCEEDINGS;

THE DISTRICT COURT'S **ACTIONS OF INDEPENDENTLY INITIATING THE IMPOSITION OF THE ENHANCEMENTS UNDER USSG. §3B1.1 & §2D1.1(b)(1) , DENIED THE DEFENDANT'S 5TH. & 6TH. AMENDMENT DUE PROCESS RIGHTS TO AN IMPARTIAL JUDGE GOVERNING OVER HIS PROCEEDINGS.**

**ISSUE # 6.**

THE PETITIONER SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AS RESULT OF THE COUNSEL'S FAILURE AND DEFIANCE TO RAISE THE BELOW CONSTITUTIONAL CLAIM ON DIRECT APPEAL OR AT ANY OTHER APPROPRIATE STAGE OR PROCEEDING;

THE DISTRICT COURT'S ACTIONS OF IMPOSING §2D1.1 (b)(1) , UNCONSTITUTIONALLY ALTERED THE PETITIONER'S FINAL JUDGEMENT AND SENTENCE ON COUNTS IN WHICH THE APPELLATE COURT DIDN'T REMAND THE CASE BACK TO **THE COURT ON**. THE DISTRICT COURT'S ACTIONS WAS OVER BROAD THEIR JUDICIAL AUTHORITY AND IN VIOLATION OF THE DEFENDANT'S 5TH. and 6TH. AMENDMENT RIGHTS.

**ISSUE #7**

THE PETITIONER SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL AS RESULT OF THE COUNSEL'S FAILURE AND DEFIANCE TO RAISE THE BELOW CONSTITUTIONAL CLAIM ON DIRECT APPEAL OR AT ANY OTHER APPROPRIATE STAGE OR PROCEEDING;

THE DISTRICT COURT'S ACTIONS OF IMPOSING USSG. § 2D1.1 (b)(1) AFTER THE APPEALS COURT **VACATED § 924(c)** WAS IN VIOLATION OF THE DEFENDANT'S 5TH. AND 6TH. AMENDMENT RIGHTS **AGAINST "DOUBLE JEOPARDY".**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V.

ANDRE TUCKER

PETITION FOR WRIT OF HABEAS CORPUS
MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C § 2255

**MEMORANDUM OF LAW / SUMMARY BRIEF OF ISSUES
PRESENTED FOR REVIEW**

FOR DEFENDANT ANDRE TUCKER

ANDRE TUCKER # 04816-070
F.C.I RAY BROOK, PO BOX 9006
RAY BROOK, NEW YORK 12977

ISSUE # 1.

COUNSEL'S INEFFECTIVENESS OF FAILING TO SUBMIT / OR PRESERVE A "BLAKELY" CLAIM ON DIRECT APPEAL **DENIED** THE DEFENDANT THE OPPORTUNITY TO HAVE HIS CASE REMANDED FOR THE PURPOSES OF APPLYING THE UNITED STATES SENTENCING GUIDELINES AS **ADVISORY.**

**The** defendant's Appellate counsel " David Lewis. esq." in his own admission revealed that he was ineffective as result of his failure to raise or preserve an "BLAKELY" issue as requested by the petitioner during his Appellate process.

The U.S Supreme Court issued its decision in Blakely v. Washington - 542 US - , 124 S. Ct. 1531 (2004) , **while the petitioner's Appeal was pending.** Under the terms of the case, **Blakely** applied to the petitioner's case. If Counsel would had raised the **"Blakely"** claim , the Appeals Court would had withheld their Judgement until the outcome in ; UNITED STATES v. Booker 543 US - , 125 S.Ct. 738 (2005) **in which ordered that all cases pending on Direct Appeal be mandated back to the District Court to apply the United States Sentencing Guidelines as Advisory rather than Mandatory.**

Wherefore , as result of ineffective assistance of Appellate Counsel the petitioner was denied such opportunity. Furthermore , upon remand , the petitioner would had also been entitled to the application of " BLAKELY & BOOKER" to his resentencing proceedings . This would had **prevented** the Court from imposing the previous enhancement under USSG. - § 3B1.1 & 2D1.1(b)(1) by way of a Judge fact finding that rested on a Preponderance of unspecified evidence. Instead, the petitioner would had received an opportunity to have the Judge or Jury apply a **"Reasonable-Doubt standard" when determining whether the enhancements applied.**

**It is without dispute that ineffective assistance of counsel occurred. [ SEE EXHIBIT ONE , Counselor's Affidavit ] Appellate counsel's Affidavit states the below;**

**AFFIDAVIT OF DAVID LEWIS**

I, David Lewis, depose and state as follows:

1. I am an attorney licensed to practice in Massachusetts. I was the appellate attorney for Mr. Andre Tucker, the defendant in the above-captioned matter, on the appeal of his conviction. The docket number of the appeal in the United States Court of Appeals, First Circuit is 02-2624.
2. I filed an appellate brief on March 17, 2004 in the First Circuit, U.S. Court of Appeals on Mr. Tucker's behalf. I did not raise any issues related the *Apprendi* case or seek to preserve the issue in any way. See *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Mr. Tucker requested that I consider the issue and, when I informed him I would not be including it, requested that I include a supplemental pro se brief raising and discussing the issue. I did so.
3. The U.S. Supreme Court's issued its decision in *Blakely* while Mr. Tucker's appeal was pending. See *Blakely v. Washington*, 542 U.S. —, 124 S. Ct. 1531

(2004). Under the terms of the case, *Blakely* applies to Mr. Tucker's case.

4. My decision not to raise and preserve the *Apprendi* issue was not a strategic one. I focused on other issues and did not do the research necessary to appreciate the influence the case, especially when combined with the decision in *Blakely* and later *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005), would have.

Signed under the pains and penalties of perjury.

David Lewis, Esq.
#566089
124 Mount Auburn Street
Suite 200N
Cambridge, MA 02138
617.621.1551

Dated: August 15, 2005

**RELIEF REQUESTED**

Wherefore we request this Court to **resentence** the petitioner, applying the United States Guidelines as **ADVISORY** only if a **sentencing reduction is intended.**

We also request this Court to remedy counsel's ineffectiveness by applying the rulings under BLAKELY vs. WASHINGTON & UNITED STATES vs. BOOKER as **retroactive solely to vacate the enhancements under § 3B1.1 & § 2D1.1 , in** which were imposed on the petitioner.

**ISSUE # 2 .**

**THE DISTRICT COURT'S** ACTIONS OF IMPOSING A FOUR LEVEL LEADERSHIP ENHANCEMENT PURSUANT TO USSG.§3B1.1(a) BY WAY OF A JUDGE FACT FINDING, WHEN IN FACT THE DEFENDANT WAS NOT CHARGED, INDICTED NOR PLEAD GUILTY TO SUCH OFFENSE /FACTOR, **IS IN VIOLATION OF HIS 5th. & 6th AMENDMENT RIGHTS.**

The petitioner was never charged nor did he plead guilty to any leadership / organizer offense element in which resulted to a four level enhancement pursuant to USSG. § 3B1.1 . The Court's actions of imposing such enhancement was Sentencing Entrapment, in which violated the petitioner's 5TH. & 6Th. Amendment Due Process Rights to contest such offense element by way of presenting his defense to a Trial Jury enabling them to render a verdict beyond a reasonable doubt on such element that increases his sentence. At the minimum the District Court should had applied a "Reasonable doubt standard rather then a preponderance of evidence , when determining if such enhancement applied.

see **RE WINSHIP 397 US 364 (para#7), 25 L Ed 2d 368 (1970) )**

**RELIEF REQUESTED**

We request this District Court to vacate the Four Level enhancement under USSG. § 3B1.1(a) and resentence the petitioner to a lesser term of imprisonment.

**ISSUE #3.**

THE DISTRICT COURT'S ACTIONS OF IMPOSING A **TWO LEVEL ENHANCEMENT** PURSUANT TO USSG. § 2D1.1 (b)(1) BY WAY OF A JUDGE FACT FINDING, WHEN IN FACT HE WAS NOT CHARGED, INDICTED NOR PLEAD GUILTY TO SUCH OFFENSE/FACTOR, VIOLATES THE DEFENDANT'S 5th. & 6th. AMENDMENT RIGHTS.

**The** petitioner was never charged nor did he plead guilty to any § 2D1.1(b)(1) criminal offense element in which results to a two level enhancement. The District Court actions of imposing such USSG. § 2D1.1 - (b)(1) enhancement was Sentencing entrapment, in which violated the petitioner's 5TH. & 6TH. Amendment Due Process rights to contest such offense element by way of presenting his defense to a Trial Jury enabling them to render a verdict beyond a Reasonable Doubt on such criminal conduct that increases his sentence. At the minimum effort, the District Court should had applied a "Reasonable doubt Standard **rather** then a Preponderance of evidence when determining if such enhancement applied. see **RE WINSHIP 397 US 364 (para#7), 25 LEd 2d 368 (1970) ).**

**RELIEF REQUESTED**

We request this District Court to vacate the Two level enhancement under USSG. § 2D1.1 (b)(1) and resentence the petitioner to a lesser term of imprisonment.

ISSUE # 4.

THE DISTRICT COURT'S ACTIONS OF RELYING ON SPECULATIVE HEARSAY TO IMPOSE A **FOUR LEVEL ENHANCEMENT** UNDER USSG. §3B1.1(a), IS **IN VIOLATION OF HIS 5th. & 6th. AMENDMENT RIGHTS.**

**The** District Court failed to subpoena any witness to testify in order to substantiate grounds to impose the leadership / organizer enhancement under USSG. § 3B1.1(a). Instead the District Court erroneously relied on speculative Law enforcement report in which predominantly consisted of Hearsay. Wherefore , the District Court's actions of resting the petitioner's judgement/Sentence on Hearsay or speculative information is in violation of the petitioner's 5TH. & 6TH. Amendment Rights. **Furthermore , the District Court's failure to disclose which specific reports or witnesses' statements it relied upon to render such enhancement, makes matters even more UnConstitutional as preventing the petitioner an opportunity to adequately challege such Court's reliance or discretion on Appeal.**

**RELIEF REQUESTED**

We request this District court to vacate the Four level enhancement under USSG. § 3B1.1(a) and resentence the petitioner to a lesser term of imprisonment. If the Court's declines such request, we then request that the Court **reveal which specific report or witness statement it relies upon to justify its decision to sustain such enhancement under § 3B1.1(a).**

**ISSUE #5**

THE DISTRICT COURT'S ACTIONS OF INDEPENDENTLY INITIATING / IMPOSING ENHANCEMENTS UNDER USSG.§ 3B1.1(a) & § 2D1.1 (b)(1), DENIED THE DEFENDANT HIS RIGHT 5th. & 6th. AMENDMENT DUE PROCESS RIGHTS TO AN IMPARTIAL JUDGE GOVERNING OVER HIS PROCEEDINGS.

In light of the fact that the government didn't partake or initiate the imposition of the enhancements under USSG. § 3B1.1(a) & § 2D1.1 (b)(1), the Court's actions of independently initiating the imposition of such enhancements clearly denied the defendant his right to an impartial Judge governing over his Sentencing proceedings. The District Court's actions furthermore violated the defendant's 6TH. Amendment Due Process Rights, especially in light of the fact the defendant entered a plea with the government on the agreed upon term that the "prosecutor wouldn't seek any enhancements or upward departures". The Court should had used professional ethics of honoring such contractual agreement between the two parties and not contribute undue interference.

RELIEF REQUESTED

We request this District Court to vacate both enhancements under USSG. § 3B1.1(a) & § 2D1.1(b)(1) and resentence the petitioner to a lesser term of imprisonment.

ISSUE # 6.

THE DISTRICT COURT'S ACTIONS OF IMPOSING §2D1.1 (b)(1), UNCONSTITUTIONALLY ALTERED THE PETITIONER'S FINAL JUDGEMENT AND SENTENCE ON COUNTS IN WHICH THE APPELLATE COURT DIDN'T REMAND THE CASE BACK TO THE DISTRICT COURT ON. THE DISTRICT COURT'S ACTIONS WAS OVER BROAD THEIR JUDICIAL AUTHORITY AND IN VIOLATION OF THE DEFENDANT'S 5th. & 6th. AMENDMENT RIGHTS.

**The** Appeals Court solely remanded the case back to the District Court to vacate the conviction on Count 10 (18 U.S.C §924(c) ) and its 60 month sentence. Wherefore, the District Court was only suppose to **vacate the conviction under Count 10 and deduct the 60 month consecutive sentence from the petitioner's overall sentence of 292 months.**

Instead the District Court erroneously **reinstated the entire Judicial sentencing proceeding and UnConstitutionally altered the prior Judgement on counts in which the Appêllate Court didn't intend to remand the case back on.** The District Court's " catch 22 " Sentencing scheme was what many would classify as " unethical" and possibly vindictive as to the petitioner initial success in overturning the Court's Judgement. The District Court's actions was furthermore over broad their Judicial authority and in violation of the defendant's 6th. Amendment Due Process Rights.

RELIEF REQUESTED

We request this District Court to vacate the Two level enhancement under USSG. § 2D1.1 (b)(1) and resentence the petitioner to a lesser term of imprisonment.

ISSUE # 7.

THE DISTRICT COURT'S ACTIONS OF IMPOSING USSG. § 2D1.1 (b)(1) AFTER THE APPEALS COURT **VACATED** 18 U.S.C § 924(c) WAS IN VIOLATION OF THE DEFENDANT'S 5th. & 6th. AMENDMENT RIGHTS AGAINST **DOUBLE JEOPARDY.**

**The** Court of Appeals for the First Circuit remanded the case back to the District Court for the specific purpose of vacating the conviction under Count 10 (18 U.S.C § 924(c)).

Upon remand, the District Court took it upon their own initiative to impose a two level enhancement pursuant to USSG. § 2D1.1-(b)(1).

18 U.S.C § 924 (c) reads in part ;

> Any person who, during and in relation to any crime of violence or drug trafficking crime for which the person maybe prosecuted in a Court of the United States, uses or carries a firearm or who in furtherance of any such crime possesses a firearm shall in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to a term of imprisonment of not less than five years.

USSG. § 2D1.1 (b)(1) reads in part ;

> (b) Specific Offense Characteristics
>
> (1) if a dangerous weapon was possessed, increase by two levels.

Wherefore, both 18 U.S.C § 924(c) and USSG. § 2D1.1(b)(1) are theoretically identical, leaving to call to question , " Whether the District court's belated " catch 22 Sentencing scheme" of imposing USSG § 2D1.1(b)(1) was in violation of the defendant's **Double Jeopardy protections insured by the 5th. & 6th. Amendment ?** The petitioner contends that such Sentencing scheme was in fact a violation of his Double Jeopardy protections.

RELIEF REQUESTED

We respectfully request this District Court to vacate the TWO LEVEL enhancement under USSG. § 2D1.1(b)(1) and reduce the defendant's sentence accordingly.

## CONCLUSION

Wherefore, we pray that this Court grant all relief to which the defendant may be entitled in this proceeding.

Respectfully Submitted,

9/25/2005

ANDRE TUCKER # 04816-070
F.C.I RAY BROOK, P.O BOX 9006
RAY BROOK , NEW YORK 12977

I declare under the penalty of perjury that the foregoing is true and correct .

Executed on ; 9/25/2005

signature of petitioner

**CERTIFICATE OF SERVICE**

I ANDRE TUCKER , hereby certify under the penalty of perjury that on **SEPTEMBER 29, 2005** , I served by United States Mail this PETITION FOR WRIT OF HABEAS CORPUS/ 28 U.S.C § 2255 MOTION along with the MEMORANDUM OF LAW & EXHIBITS on the following ;

UNITED STATES ATTORNEY OFFICE
50 KENNEDY PLAZA - 8th FLOOR
PROVIDENCE, RI 02903

att. A.U.S.A. **DONALD C. LOCKHART**

**9/29/2005** Andre D. Tucker
**signature of petitioner**