IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANDRE TUCKER | ) | |
| | ) | |
| v. | ) | CA. No.05-412T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

## I. INTRODUCTION

The Defendant, ANDRE TUCKER ("TUCKER"), stands convicted of eight counts of drug trafficking and one count of being a felon in possession of a firearm. Tucker's post conviction litigation includes two appeals to the First Circuit, a re-sentencing, and a petition for certiorari to the United States Supreme Court. He now timely files this motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.

Tucker does not contest the lawfulness of his conviction but raises seven issues concerning his sentence. All seven complaints allege ineffective assistance of counsel. The first four are predicated on Apprendi, Blakely, and Booker, and are supported with an affidavit by Tucker's appellate counsel confessing ineffectiveness. The last three grounds concern the impartiality of the sentencing court and a perceived abuse of authority. These last three claims are really only complaints about guideline calculation.

The United States maintains that, despite the self-deprecating assertions of counsel, the assistance rendered to Tucker was constitutionally effective and Booker has not been made retroactive to cases on collateral review. Furthermore, there was nothing improper about the manner in which the court conducted Tucker's sentencing hearing. The balance of his guideline calculations complaints have been previously decided on direct review or were waived and are not cognizable under § 2255.

II. LAW

A. The Law Governing Motions Under 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he had been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 422 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [u]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited. . . . The court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice' . . . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. The standard of review of a § 2255 motion for alleged trial errors to which no contemporaneous objection was made is not the plain error standard, but the cause and actual prejudice standard. Frady, 456 U.S. at 166-67. A defendant cannot raise issues in a federal habeas proceeding which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 744 (1st Cir. 1994).

B. The Law Governing The Entitlement To A Hearing

Section 2255 provides that the court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

Rule 4 of the rules governing Section 2255 proceedings for the United States District Courts provides in pertinent part that [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. The burden is on the movant to provide by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1998). In considering a motion under § 2255, the district court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988).

The First Circuit has stated that no hearing is required where the § 2255 motion: (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir.), cert. denied, 493 U.S. 1078 (1990). Moreover, the First Circuit has also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879

F.2d 975 n.8 (1st Cir. 1989). A district judge's personal observation and recollection of the events at trial may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir. 1978).

III. ARGUMENT

1. Tucker's claim that counsel was ineffective for failing to anticipate Booker is without merit.

To support his first four complaints, Tucker asserts that the case of United States v. Blakely, 542 US 296 (2004) was decided while his case was on appeal and complains that his counsel was ineffective for not pursuing an appellate argument based on this case. Tucker reasons that, had counsel anticipated the impact of Blakely and raised that claim, the appellate court would have withheld their judgment until the outcome of United States v. Booker, 543 US 220 (2005). He then extrapolates, that under an advisory guideline system, the court would not have imposed a dangerous weapon adjustment under USSG § 2D1.1(b)(1) nor a leadership enhancement under USSG § 3B1.1(a). Finally, but not as clearly, Tucker seems to suggest that in the wake of the Blakely and Booker cases, the court would not have relied on hearsay in arriving at its conclusion that he was an organizer or leader of this criminal activity.

This case is somewhat unusual. Tucker was initially arrested in February of the year 2000 and consented to the filing

of a criminal information on March 1, 2000. He entered a plea of guilty on May 9, 2000 and was sentenced on September 15, 2000. Tucker then began a lengthy appellate journey that involved two appeals to the First Circuit (decided April 1, 2002 and July 9, 2004), a resentencing, and a petition for certiorari, all ending on October 4, 2004.

Tucker's case began before Apprendi was decided on June 26, 2000. His first appeal was fully briefed, was argued, and was decided on April 1, 2002 -- before Blakely was decided. Tucker was resentenced as a result of that appeal and pursued a second appeal of that sentencing. The second appeal was fully briefed and argued before Blakely was decided on June 24, 2004. The First Circuit decided Tucker's case on July 9, 2004, just 15 days after the Blakely decision. All of Tucker's case was completed before Booker was decided on January 12, 2005.

Counsel's "decisions" not to pursue Blakely claims which would now be affected by Booker were not ineffective but were in accordance with decided case law and practice at the time the advice was given. Blakely was not even decided until after briefing and argument on Tucker's second appeal. Counsel would have had to recognize the impact of Blakely, anticipated Booker, and would have had to somehow brought all of this to the attention of the First Circuit within the remaining 15 days prior to the publishing of Tucker's decision. The ultimate outcome of

Booker was not reasonably foreseeable to anyone. Tucker judges his counsel too harshly. Tucker's counsel simply judges himself too harshly. Tucker received constitutionally effective representation.

The Strickland test applies to appellate counsel as well as trial counsel. Pena v. United States, 2005 W.L. 1176073 (S.D.N.Y.) citing Smith v. Robbins, 528 U.S. 259285 (2000). Tucker must establish that 1) appellate counsel acted in an objectively unreasonable manner in failing to raise a particular issue on appeal and 2) absent counsel's deficient performance there was a reasonable probability that defendant's appeal would have been successful. Id. Appellate counsel is generally not ineffective for failing to forecast a change in the law. Pena (2005) W.L. 1176073, 6.

Indeed in the post-Apprendi, Blakely, Booker legal landscape other petitioners have alleged that counsels' failure to anticipate a change in the law constituted ineffective assistance. In Pena, the court cited to an unpublished First Circuit decision, Campbell v. United States, 108 Fed. Appx. 1, 5 (2004) W.L. 1888604 at 3, (August 25, 2004) and ruled, "counsel's failure to anticipate Blakely would not constitute unreasonable performance under Strickland because 'First Circuit jurisprudence on [the issue a judge determined drug quantity] ha[d] been well established . . . therefore reasonable jurists could not find

that [petitioner] has made a substantial showing that the Blakely issue would have been clearly stronger than the issues raised by appellate counsel.'"

The Pena decision noted that other courts have ruled accordingly. See also United States v. Levy, 391 F.3d 1327, 1334 n. 3 (11th Cir.2004) (noting, "[w]hile an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel, attorneys routinely make arguments based on reasonable extensions of existing Supreme Court case law."), petition for cert filed, No. 04-8942 (Mar. 1, 2005); Lach v. United States, No. 2:05CV202, 2005 WL 1019238 at *1 n. 1 (D.Utah Apr. 28, 2005) (where petitioner was sentenced after Blakely but before Booker, "Petitioner's ineffective assistance of counsel claim is without merit because Blakely did not apply to the Federal Guidelines at the time of Petitioner's sentencing, and therefore, his counsel's conduct was not deficient in failing to raise Blakely." ); United States v. Johnson, No. 03-20013- 01, 04-3378, 04-3381, 2005 WL 839156 at *3 (D.Kan. Apr. 11, 2005) (no ineffective assistance of counsel because, "[a]t the time that [petitioner] waived his rights, the Supreme Court had not even granted certiorari in Blakely, let alone decided Blakely or Booker. As the Tenth Circuit has held, "counsel's failure to foresee future developments in the law does not constitute constitutionally deficient performance.□); Muniz v. United

States, 360 F.Supp.2d 574, 579 (S.D.N.Y.2004) ("[B]ecause counsel's performance must be judged as of the time of counsel's conduct, [petitioner□s] attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in Booker."); United States v. Saeteurn, No. A01-0049, 2005 WL 831264 at *5 (D.Alaska Mar. 11, 2005) (no ineffective assistance where, "at the time of [petitioner's direct] appeal, Blakely had not been decided. The objective standard of reasonableness contemplated in Strickland does not include holding counsel to somehow intuiting what the law might be in the future. Furthermore,... the pertinent rule in effect at the time of [petitioner's] appeal was set forth in Apprendi ...," which was not violated by petitioner's sentence.); Frost v. United States, No. Civ. 04-431, CRIM 02-37, 2005 WL 331470 at *1 (D.N.H. Feb. 11, 2005) ("Counsel's failure to anticipate Blakely v. Washington and United States v. Booker does not qualify as ineffective assistance of counsel."); cf. United States v. Morgan, No. 03-1316,___ F.3d ___ , 2005 WL 957186 at *___ & n. 2 and accompanying text (enforcing appeal waiver made in plea agreement despite change in law by Booker:

> "[Defendant's] inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver.... [N]o one can know or be expected to know the future."). "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the

> particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices. Counsel is not required to forecast changes in the governing law."

Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.1994) (citations omitted).

Furthermore, Booker was decided after Tucker had completed the appellate process. Under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255, para. 8(2). Cuevas v. DeRosa, 386 F.3d 367 (1st Cir. 2004). Booker has not been made retroactive. See In Re Olopade, 403 F.3d 159, 163 (3d Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) (explaining that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

Finally, even if Tucker could establish that his counsel had been ineffective, he cannot establish that the result would have been any different under an advisory guideline system. After all, the guideline calculations were tested and approved on appeal. Moreover, Tucker was already resentenced once and was resentenced to the exact same sentence that was previously imposed. That is a convincing indication that a third sentence

proceeding would result in the same sentence being reimposed.

2. Tucker's Guideline Calculation Complaints Are Unavailing

Tucker's last three issues relate to the manner in which the court calculated his guidelines. He complains that the court acted *sua sponte* in applying the dangerous weapon adjustment and leadership enhancement. Tucker asserts that by applying those guideline provisions the court unethically and unprofessionally failed to honor the plea agreement, as he reads it, between himself and the government.

Tucker was originally sentenced to a five year consecutive sentence on a firearms charge. Tucker's resentencing involved a dismissal of one count charging use of a firearm in furtherance of drug trafficking. 18 U.S.C. § 924(c). On remand, the court correctly applied USSG § 2D1.1(b)(1) after the § 924(c) charge as dismissed and the five year consecutive sentence was vacated. Tucker terms this act vindictive, unethical, and a violation of his double jeopardy rights.

The court, of course, is always free to sentence a defendant up to the statutory maximum. Tucker's plea agreement so provided. The court is not a party to the plea agreement and is not bound by that document. All of that was explained to Tucker at his plea hearing.

The case of Bailey v. United States, 512 U.S. 137 (1995) caused many similar resentencings. The application of

§ 2D1.1(b)(1) was not vindictive or unethical nor did it subject Tucker to double jeopardy. The application of § 2D1.1(b)(1) after the dismissal of the firearm count was in fact countenanced by law because dismissal of the 924(c) count "changed the sentencing calculus." See United States v. Valle, 72 F.3d 210, 216-18 (1st Cir. 1995); and United States v. Rodriguez, 112 F.3d 26, 29-30 (1st Cir. 1997). Tucker argued this issue unsuccessfully in his second appeal. United States v. Tucker, 103 Fed. Appx. 417 (1st Cir. 2004 - unpublished decision ). He is foreclosed from relitigating it now.

## IV. CONCLUSION

Tucker has failed to establish any grounds for relief. This matter may be decided without a hearing. The United States requests that Tucker's § 2255 motion be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Assistant U.S. Attorney

**CERTIFICATION OF SERVICE**

I hereby certify that on this 1st day of December, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Objection To Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, to the following:

Andre Tucker
Reg. No. 04816-070
F.C.I. Ray Brook
P.O. Box 9006
Ray Brook, New York 12977