7004 0550 0001 1637 1389

7004 0550 0001 1637 1372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Andre Tucker : | |
| : | |
| : | CA. No. 05-412T |
| v. : | TRAVERSE/RESPONSE TO GOVERNMENT'S OBJECTIONS TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |
| United States of America : | |

**COMES NOW,** Andre Tucker, (hereinafter movant), in traverse/response to the government's response to his "motion to vacate, set aside, or correct a sentence by a person in federal custody," under Titile 28 U.S.C. § 2255.

**(A)** The government responds to the seven claims brought forth in the movant's brief in turn, and this traverse, will also respond in turn, to the goverment's response as numbered.

**(1)** The government in its "introduction", cover page, at ¶2 states: "Tucker does not contest the lawfulness of his conviction but raises seven issues concerning his sentence. All seven complaints, allege ineffective assistance of counsel. The first four are predicated on Apprendi, Blakely, and Booker, and are supported by an affidavit by Tucker's appellate counsel confessing ineffectiveness."

The government then "maintains that, despite the self deprecating assertions of counsel, the assistance rendered to Tucker was constitutionally effective and Booker has not been made retroactive to cases on collateral review."

The government in its response to this issue, would skirt' the issue, and take the easy way out, that of the fact that the Booker Blakely, Apprendi, based claims would not be retroactively applicable to his case. This would of course be true, if it was in fact movant's intention to merely raise the claims supra, on collateral review. But, the true intention of the claim here is as follows:

First, this claim is not about counsel being expected to "anticipate" the impact of Blakely. The movant's claim in "ISSUE # 1. AT PG. 16 movant's brief, original § 2255 motion, explains that counsel admitted to being ineffective for failure to raise the claim pursuant to Blakely, while the case was still on direct appeal, and more importantly, in lieu of the movant's request to him to submit a supplimental addendum brief to raise the issue while it was ripe for review. While the landmark case of Blakely's holdings were not in effect at the time he entered his plea, Blakely was in fact decided while his case was still on direct appeal.

And while courts do not require attorneys to foresee changes in the law, once a change...particularly an important and relevant change does come about, courts do expect counsel to be aware of it. See **Johnson v. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed. 2d 718 (1997).** As such the movant was fully entitled to the benefit of legal argument relying on the findings in Blakely. See **Teague v. Lane 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed. 2d 334 (1989)** (finding that a defendant could raise a claim on appeal that relied on a holding establised after the trial's conclusion but before the appellate process had been exhausted).

A court's inquirey, of course, would be whether counsel performed in an objectively unreasonable manner, and it would also have to be convinced that there is "a reasonable probability" that "the result of the proceeding would have been different" but for the attorney's errors. Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. 2052. The question then presented, is, an appellate counsel prejudices a client where the attorney fails to raise on appeal, a [meritorious] claim. The answer must be in the affirmative, because but for the appellate counsel's ineffectiveness, there is a reasonable probability that the result of the appeal may have been different.

The fact that Blakely was decided after the movant entered his plea is irrelevant, because it was in effect as law at the time of his appeal Johnson, supra,(finding that "where the law at the time of trial was....clearly contrary to the law at the time of appeal-it is enough that an error be 'plain' at the time of appellate consideration).

Examining whether movant was entitled to relief under Blakely, and if it finds that he in fact was, his attorney's error would clearly have altered the outcome of the appeal. Relief is due if the court is found to have improperly sentenced the defendant/ movant, in violation of the principles set foth in the Blakely and Booker opinions. This is not a claim under Blakely, as to being raised for the first time on collateral review, rather it is about counsel's admitted failure to raise the issue while it was ripe for review on direct.

The Federal Courts, indeed all courts, are charged with ensuring equal justice under the law for all who come within the walls of our judicial system. If the courts were to turn a blind eye to the inequities that result from ineffective legal representation, then the integrity of the justice system itself is jeopardized.

The government correctly contends here, that where a defendant does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent motion to vacate unless he can establish both cause and prejudice resulting therefrom. 28 U.S.C. § 2255, however, ineffective claims are appropriately brought by motion to vacate, even if overlooked on direct appeal, because resolution of the claims often requires consideration of matters outside of the record on direct appeal. 28 U.S.C. § 2255 See **Billy-Eko v. U.S. 8 F.3d 111 (2d Cir. 1993)**. In this case, the record is now established as to the ineffectiveness claim, in lieu of counsel's having come to the conclusion that he was in fact to blame, thus, the affidavit submitted by him.

## PREJUDICE RESULTING FROM COUSEL'S FAILURE TO SUBMIT THE BRIEF

Movant contends in his maine § 2255 appellate brief, at 16, ¶2, that "under the terms of the case, Blakely applied to the petitioner's case. Asserting that "if counsel would[have] raised the Blakely claim, the appeals court would have witheld their judgment until the outcome in Booker, and effectively remanded the case pursuant to its remedial opinion, and the subsequent application of **Griffith v. Kentucky**, (though not cited) i.e., " to all cases on direct appeal."

The government's response at 7-8 says....."therefore reasonable jurists could not find that [petitioner] has made a substantial showing that the Blakely issue would have been clearly stronger than the issues raised by appellate counsel.'" Id. Next, on pg.8 ¶2, STATES: "(where petitioner was sentenced after Blakely but before Booker, "petitioner's ineffective assistance of counsel claim is without merit because Blakely did not apply to the Federal Guidelines at the time of petitioner's sentencing, and therefore, his counsel's conduct was not deficient in failing to raise Blakely.") Citing a District Court case, from Kansas, United States v. Johnson, No. 03-20013- 01, ect.

In rebuttal to this, the very landmark case that started it all, DUNCAN FANFAN, **(No. 04-105),** The judge cited Blakely, when he refused to sentence Fanfan to a sentence that violated the Sixth Amendment. This was well before the U.S. Supreme Court decided the Booker Fanfan, cases, and the subsequent excising of the U.G.S.G.,.

The movant in this case, in effect being a pre-Booker, case would have been able to more effectively utilize the remedial opinion as to **Due Process (ex post facto)** argument for all offenses committed pre-Booker: i.e., Courts may sentence anywhere below, but not above, the top of the Guideline range, taking only into account, facts found by the jury, or admitted by the defendant. I.e., the § 3B1.1 & 2D1.1(b)(1) enhancements, by way of judge found facts, by a preponderance of the evidence.

This argument would proceed in two steps: the first step is the due process and **ex post facto** argument that any increase in

in the sentencing range cannot be applied retroactively. This first step, when taken alone, establishes that the top of the pre-Booker guideline range(arrived at through judicial fact-finding) is the maximum sentence that can be imposed for pre-Booker offenses. The second step is to apply Booker's **Sixth Amendment** ruling to the calculation of that mandatory guideline range. This step establishes that the sentence can be no higher than the range as calculated based on facts proven to the jury or admitted by the defendant.

Thus, the first step sets what can be called a "due process/ ex post facto ceiling" for the sentence, and the second step sets a lower, **"Sixth Amendment ceiling"** for the sentence based on Booker

> although the Ex Post Facto Clause of the Conststitution, by its terms, applies only to acts by the Legislature and not the Judiciary, the Supreme court has made clear "that limitations on ex post facto judicial decision-making are inherent in the notion of due process." See **Rogers v. Tennessee, 532 U.S. 451, 456(2001); U.S. Const. art. I,§ 9,cl.3.** As the court explained in **Bouie v. City of Columbia, 378 U.S. 347, 353-54 (1964),** "If a legislature is barred by the **Ex Post Facto Clause** from passing such a law, it must follow that[the court] is barred by the Due Process Clause from acheiving precisely the same result by judicial construction."
> **Id.** at 353-54.

Counsel by his own addmission, contends that he was in fact ineffective for failure to submit the issue to the appeals court while ripe for review, and therefore denying movant Tucker his only "one bite at the apple."

RETURNING TO the government's assertion that Booker is not retroactive, this is only true, in the sense that the Supreme Court, to date, hasn't per se ruled Booker to be retroactive. However, there is currently one case which has been granted ceriorari, which will address substantive rights, in lieu of Blakely. Notwithstanding, movant will bring forth argument to retroactivity of Booker, to preserve the issue, in lieu of the Supreme Court's ruling in **Dodd v. United States, 545 U.S.__, 162 L.Ed. 2d 343, 125 S.Ct.__,[No.04-5286]**

This case iterates the "One-year limitation period for federal prisoner's motion for relief from sentence under **28 U.S.C.S. § 2255** on basis of newly recognized right held to begin when right recognized, recognized, rather than when made retroactive."

Retroactivity for cases still on direct review, presented no problem, as expressed supra, this traverse, under Griffith v. Kentucky, 479 U.S. 314, moreover, it is formally claimed in this § 2255 motion that: it should also be no problem for initial habeas petitions. Schiro v. Summerlin, 542 U.S.__, 124 S.Ct. 2519 (2004), provides compelling support for Booker's retroactivity to initial habeas cases. Although the Supreme Court in Summerlin rejected retroactivity of its new procedural rule anounsed in Ring v. Arizona 536 U.S. 584, 122 S.Ct. 2428 (2002)(holding that a jury, not a jude must make the findings necessary to impose the death penalty), it did so because the possibility of inaccuracy was minimal in that both fact finders there were required to use the same 'beyond a reasonable doubt standard. Pre-Booker, on the other hand, judges determined sentence enhancing facts by pre-ponderance of the evidence

Post-Booker, those facts must be determined by a jury and proved beyond a reasonable doubt. Accordingly, pre-Booker, the fact finding process so "seriously diminished" accuracy as to produce an "impermissibly large risk" of injustice.' Summerlin, 159 L.Ed. 2d at 451. (Emphasis original).

The Booker rule which remedied that risk is therefoe very likely exempt from the Teague v. Lane, retroactivity bar under the "watershed rule of criminal procedure exception. See, In re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970); cf. Ring v. Arizona, 536 U.S. 584, discussed in Summerlin.

Booker invalidated the guidelines both on a Sixth Amendment jury trial violation as well as the Apprendi v. New Jersey, due process doctrine. Jointly, those basis compel retroactivity, See e.g.,In re Winship, 397 U.S. 358; Ring v. Arizona, 536 U.S. 584; See also, United States v. Hernandez, 137 F.Supp.2d 919, 931-32(N.D.Ohio 2001) rev'd in United States v. Luciano, 311 F.3d 599 (2nd Cir. 2002) and United States v. Murphy, 109 F.Supp.2d 1059, 1064 (D.minn. 2000),Rev'd in Murpky v. United States, 268 F.3d 599 (8th Cir.2001). Therefore, Summerlin's relience on DeStejano v. Woods, 392 U.S. 631,88 S.Ct. 2093 (1968)(per curiam)(refusing to give retroactive effect to Duncan v. Luisiana, 391 U.S. 145(1968)(applying Sixth Amendment jury trial guarantee to the states) to reject retroactivity is inconsequential to Booker's retroactivity. In DeStefano, like Summerlin, the fact finding standard on which retroactivity was claimed was ther same, only the fact finder, differed. Booker changed those standards, exactly as did In re Winship, 397 U.S. at 363-64(requiring juvenile charges be proved by proof beyond a reasonable doubt instead of by preponderance of the evidence, reasoning that the

→ that the reasonable doubt standard"is a prime instrument for reducing the risk of convictions resting onfactual error. The standard provides concrete substance of the presumption of innocence-that bedrock 'axiomatic and elementary' principle whose enfircement lies at the foundation of the administration of our criminal law. Because th foundation of Booker's new rule of costitutional law rests on both the due process Apprendi doctrine, and the In re Winship, Sixth Amendment right to jury trial with respective beyond a reasonable doubt standard of proof, retroactivity to initial habeas petitions, will present no problem. The United States Supreme Court, merely, and as usual, left it up to the lower court's, to have their first go at it. But, it is with confidence in our judicial system, that the movant has faith in the High Court eventually confirming the retroactivity of the Booker land mark decision, being applied retroactivly, to at least, initial habeas petitions.

It is fore the foregoing reasoning, that this issue is rebutted and respectfully requested to be preserved, as to the Dodd v. United States, supra, expression, as to the one year limitation period for filing such a claim.

## DOUBLE JEOPARDY ISSUE

In the government's response, as to the claim of a violation of the "Double Jeopardy Clause" of the Constitution, entitled: 2. Tucker's Guidline Calculation Complaints Are Unavailing; ¶2,pg. 11, "Tucker terms this act unethical, vindictive , and a violation of his Double Jeopardy rights."

The government's position on this issue is that "The court is always free to sentence a defendant up to the statutory maximum." Id. The response then iterates an Rule 11 (c)(1)(B) type plea arangement, then expressing the history of resentencing in the aftermath of the Baily ruling, Baily v. United States, 512 U.S. 137 (1995).

In rebuttal to this, the 1st Circuit Court's unpublished opinion/order of July 9, 2004, at pg. 4 ¶1, "Since Tucker did not object at trial to the two level enhancement, we review for plain error only." Citing United States v. Connolly, 341 F.3d 16 (1st Cir. 2003).

This of course is correct, and the government's conclusion that the issue would be foreclosed for "re-litigation", only, the issue here is distinguishable,in that the government chose through learned proffessional decision, to charge in the indictment, the 924(c) statutory offense, and when that didn't play out, they literally resorted to a back-up type plan, and sought the 2D1.1(b)(1) enhancement.

It is contended here, that the Appeals Court didn't review for double jeopardy violation, and the issue would be cognizable under § 2255, where counsel was ineffective for (1) not objecting to the 2D1.1(b)(1) enhancement, and (2) he failed to argue the double jeopardi issue on re-appeal.

The double jeopardy standard for which movant seeks redress here is as to "same offense, or multiple, or successive prosecutions." See, **Blockburger v. United states, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)**, which has been applied to define what is a "same offense" for double jeopardy purposes. Under Blockburger, where the same act or transition constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" If the answer no, the two offenses are considered the same, and the **Fifth Amendment's** Double Jeopardy Clause would bar their multiple or successive prosecutions. See **Brown v. Ohio, 432 U.S. 161, 164-66, 97 S. Ct. 2221, 53 L.Ed.2d 187 (1977).** Reasoning that the text of the Sixth Amendment confines its scope to"all criminal prosecutions," the right to be safe from double jeopardy prosecutions, is fact specific, in other words, it applies to charged offenses as well as offenses that under Blockburger, could not be the subject of a later prosecution due to the double jeopardy bar.

As the government contends, it is well settled that those convicted of federal offenses may not "save" claims for a habeas petition that they could have raised on direct appeal. United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584 (1982).

The only exceptions to this rule are claims based on allegedly ineffective assitance of counsel, **Billy-Eko, 8 F.3d 111, 114 (2d Cir. 1993)**, and cases where "failure to consider the claim will result in a fundamental miscarriage of justice." **Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991).** It is movant's position here, that it was in fact a fundamental miscarriage of justice, counsel's failure to aquire for his client, the equal protection/treatment due to him under the due process, equal protection clauses of the United States Constitution.

## CONCLUSION

**MOVANT,** contends that his counsel, by his own admission, did render him ineffective assistance of counsel in failing to litigate his case properly, and achieve remand, pursuant to Blakely v. Washington, and to effectively protect him from the Double Jeopardy clause violation. The government chose to charge him under 924(c) by indictment, required for "notice", then, when that didn't pan out, they resorted to the 'backup plan' which amounted to the double jeopardy violation. This issue is not about whether the sentencing judge had the authority,under the U.S.S.G. to apply the 2D1.1(b)(1) enhancement, but whether the time for such an application had passed. The indictment was issued by the Grand jury and the defendant faced the charges, won his appeal, yet was sentenced to the same time anyway by the subterfuge, resulting in a complete miscarriage of justice.

## OATH OF AFFIRMATION

I, Andre Tucker, the movant in this pro se 'traverse' to the goverment's objections to motion under § 2255, do hereby certify that I have read the foregoing, and that all facts and averments are true and correct, under penalty of perjury.

## CERTIFICATE OF SERVICE

I, ANDRE TUCKER, DO SWEAR UNDER PENALTY OF PERJURY THAT I HAVE PLACED IN THE U.S. MAIL, BY PRE-PAID U.S. POSTAGE, ONE ORIGINAL AND TWO COPIES OF SAID TRAVERS, TO THE COURT AND AUSA AS ADDRESSED BELOW ON THIS __ DAY OF DECEMBER, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
**TWO EXCHANGE TERRACE, PROVIDENCE, RI 02903**

AUSA: FLEET CENTRE, 50 KENEDY PLAZA,
PROVIDENCE, RI 02903

Andre Tucker

Andre Tucker, sui juris
under 28 U.S.C. § 1746
Fed.Reg.No. 04816-070
FCI Ray Brook, Box 9006
Ray Brook, New York 12977