UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ANDRE D. TUCKER

v. CA No. 05-412-T

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Senior United States District Judge.

Andre D. Tucker has filed a motion to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Tucker's motion is denied.

**Background Facts**

On May 9, 2000, Andre D. Tucker pled guilty to a 10 count information. Count One charged Tucker with conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. Counts Two through Seven charged Tucker with distribution of cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Eight charged Tucker with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Count Nine charged Tucker with possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). And Count Ten charged Tucker with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Under the Guidelines, Tucker had a base offense level of 32 which the Court increased by four levels pursuant to U.S.S.G. § 3B1.1 because it found that Tucker was a leader/organizer. Since Tucker qualified for a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, his net offense level was 33 which, when combined with his criminal history category of V, resulted in a guideline range of 210 to 266 months. On September 15, 2000, this Court imposed sentences of 230 months imprisonment on Counts One through Eight and 120 months on Count Nine all of which were to be served concurrently and 60 months imprisonment on Count Ten consecutive to the other sentences.

On direct appeal the government conceded that the facts did not support the conviction on Count Ten. Accordingly, the Court of Appeals vacated Tucker's conviction on that count and remanded the case. See United States v. Tucker, No. 00-2192 (1st Cir. Apr. 1, 2002).

On remand, Count Ten was dismissed and at the re-sentencing hearing this Court determined that, although it had been inappropriate to apply the two-level enhancement for possession of a firearm in connection with the commission of a drug trafficking crime under U.S.S.G. § 2D1.1(b)(1) when Tucker was facing a five-year consecutive sentence for possession of the firearm in furtherance of that offense, the dismissal of Count Ten made the enhancement applicable. Consequently, this Court found that

Tucker's net offense level was 35 and that his guideline range was 262 to 327 months. The Court, then, imposed concurrent sentences of 290 months on Counts One and Eight, 240 months on Counts Two through Seven, and 120 months on Count Nine.

On appeal, Tucker contended that it was an error to enhance his sentence under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm but the Court of Appeals rejected his argument and affirmed his sentence. See United States v. Tucker, 103 Fed. Appx. 417 (1st Cir. 2004) (unpublished).

**Tucker's § 2255 Motion**

In his § 2255 motion, Tucker claims that his appellate counsel was ineffective in allegedly failing to:

(1) preserve a Blakely claim;

(2) appeal the district court's fact finding which resulted in a four-level leader/organizer enhancement pursuant to U.S.S.G. § 3B1.1;

(3) appeal the district court's reliance on hearsay when imposing an enhancement pursuant to U.S.S.G. § 3B1.1;

(4) appeal the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1);

(5) appeal the fact that this Court acted *sua sponte* in imposing enhancements under U.S.S.G. § 3B1.1 and § 2D1.1(b)(1);

(6) appeal re-sentencing on the ground that it exceeded the

scope of the remand; and

(7) appeal, on double jeopardy grounds, the U.S.S.G. § 2D1.1(b)(1) enhancement after the Court of Appeals vacated Count Ten.

**Analysis**

A. Ineffective Assistance of Counsel Standard

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 694; see also Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported, or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279 (D.R.I. 2001).

When assessing the adequacy of counsel's performance, the Court looks to prevailing professional norms. See Ramirez v. United States, 17 F. Supp.2d 63, 66 (D.R.I. 1998). A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of

competence and provides reasonable assistance under the circumstances. Id. Moreover, in determining whether counsel was deficient "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the defendant must overcome that presumption. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (quoting Strickland, 466 U.S. at 689).

When an allegation of ineffective assistance is based on counsel's purported failure to pursue a particular claim or defense, it is incumbent on the defendant to establish that the claim or defense has merit because counsel cannot be branded deficient for failing to pursue a claim or defense that lacks merit. Ouimette v. United States, C.A. No. 99-489-T, slip op. at 6 (D.R.I. June 21, 2001). Nor can counsel be branded ineffective by failing to raise every non-frivolous claim that could be made. Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745, 750-54 (1983)) (appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.").

Simply compiling a list of things counsel failed to do does not establish that counsel was deficient. A defendant must present some reason for concluding that competent counsel should have done those things. Effective assistance does not require counsel to

engage in meaningless acts even if demanded by the client. The defendant must provide some basis for concluding that a proposed course of action was well founded and could have altered the result. Hurley v. United States, 1999 WL 33649128 *2 (D.R.I. 1999).

In the case of appellate counsel, a defendant claiming ineffective assistance must show that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," see Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), and that there is "a reasonable probability that, but for his counsel's unreasonable failure to [to raise a particular issue], he would have prevailed on his appeal." Smith, 528 U.S. at 285. In order to make that showing, a defendant must overcome the presumption that "the results of the proceedings on appeal is reliable," see id., and, generally, must establish that the ignored issues are clearly stronger than those presented. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

B. The Petitioner's Claims

1. Blakely Claim

Tucker claims that his appellate counsel was ineffective in failing to challenge Tucker's sentence based on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), which held that rules adopted by the state of Washington establishing mandatory sentencing ranges based on factors determined by the Court violated the Sixth Amendment. However, Blakely was decided

on June 24, 2004, after Tucker's appeal had been briefed and argued and only fifteen days before the Court of Appeals issued its decision denying Tucker's appeal. Furthermore, when Blakely was decided, it was far from clear whether Blakely could be applied to the United States Sentencing Guidelines. Blakely's application to the Guidelines was not established until January 12, 2005, when the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). Since it is well established that counsel cannot be deemed ineffective for failing to forecast a change in the law, counsel's conduct was not deficient. See, e.g., Fuller v. United States, 398 F.3d 644, 651 n.4 (7th Cir. 2005); United States v. Saeteurn, 2005 WL 831264 at * 5 (D. Alaska March 11, 2005) ("The objective standard of reasonableness contemplated in Strickland does not include holding counsel to somehow intuiting what the law might be in the future."); see also, Muniz v. United States, 360 F. Supp.2d 574, 579 (S.D.N.Y. 2005) ("[B]ecause counsel's performance must be judged as of the time of counsel's conduct, [petitioner's] attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in Booker."); Frost v. United States, 2005 WL 331470 at *1 (D.N.H. Feb. 11, 2005) (counsel's failure to anticipate Blakely and Booker does not qualify as ineffective assistance of counsel).

Even assuming, *arguendo*, that counsel was deficient in failing to raise a Blakely issue, Tucker was not prejudiced by the failure.

In order to prevail on his Blakely claim, Tucker would have to "point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant" if the court viewed the Guidelines as only "advisory." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). Here, for reasons stated at the time of sentencing and manifested by the fact that Tucker's sentence was not at the low end of the guideline range, this Court would have imposed the same sentence even if it had been established that the Guidelines were not "mandatory."

2. The Petitioner's Remaining Arguments

Tucker's remaining arguments do not satisfy even the first prong of the Strickland test because Tucker has failed to establish that any of the claims at issue have merit or that appellate counsel acted unreasonably in not raising them.

It is clear that, even after Booker, the Court may find facts on which a defendant's guideline range is based as long as the Guidelines are not mandatory. It is equally clear that, at sentencing, "the Court may consider relevant information without regard to its admissibility under the Rules of Evidence applicable at trial...," see U.S.S.G. § 6A1.3(a), including hearsay. United States v. Aymelek, 926 F.2d 64, 68 (1st Cir. 1991).

Nor is there any merit to Tucker's claim that counsel was ineffective in failing to appeal the two-level enhancement for

possessing a firearm. First of all, Tucker's counsel did raise that issue on appeal. See United States v. Tucker, 103 Fed. Appx. 417 (1st Cir. 2004). Furthermore, Tucker fails to explain why the two-level enhancement was erroneous, particularly in light of the fact that he pled guilty to Count Nine which charged him with possession of a firearm.

Tucker's claims that this Court could not, *sua sponte*, enhance his sentence, that his re-sentencing exceeded the scope of the remand, and that enhancing his sentence for possessing a firearm constituted double jeopardy also lack merit. It is well settled that the Court has broad discretion in determining what sentence is appropriate, see e.g., U.S. v. Gobbi, 471 F.3d 302, 313 (1st Cir. 2006); 18 U.S.C. § 3553(a), and it was made clear to Tucker, both in his plea agreement and during the plea colloquy, that the Court, alone, would determine his sentence. Tucker does not explain why he contends that his re-sentencing exceeded the scope of the remand and his assertion runs counter to both the language of the remand order and the principle that, on remand, a court may calculate a defendant's sentence in whatever manner may be appropriate. See e.g. United States v. Valle, 72 F.3d 210, 217-18 (1st Cir. 1995)(remanding the case for re-sentencing after vacating a count that played a part in the initial sentence). Finally, with respect to Tucker's double jeopardy argument, it is clear that conduct that is the subject of a dismissed count may be considered in

determining a defendant's guideline range, see e.g., United States v. Watts, 519 U.S. 148, 157 (1997), and that doing so does not implicate the double jeopardy clause. United States v. Rodriguez, 112 F.3d 26, 31 (1st Cir. 1997).

**Conclusion**

For all of the foregoing reasons, Tucker's motion to vacate, set aside and/or correct his sentence is denied.

IT IS SO ORDERED:

Ernest C. Torres
Ernest C. Torres
Sr. U.S. District Judge

Date: May 15 , 2007